# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KERI HOLDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-2704-L** |
| HEALTHCARE SERVICE | § | |
| CORPORATION D/B/A BLUE CROSS | § | |
| BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Kerri Holder's ("Plaintiff") Motion to Modify Scheduling Order ("Motion") (Doc. 12), filed October 18, 2019. After careful consideration of the Motion, response, the record, and applicable law, the court **denies** Plaintiff's Motion to Modify Scheduling Order (Doc. 12).

**I.   Background**

This action was removed from the 192nd Judicial District Court of Dallas County, Texas, to this court on October 11, 2018. The court entered its Scheduling Order (Doc. 7) on December 28, 2018, and no amendments have been made. On October 18, 2019—the deadline for all dispositive motions—Defendant Healthcare Service Corporation d/b/a Blue Cross Blue Shield of Texas ("Defendant") filed its Motion for Summary Judgment (Doc. 10), upon which the court has not yet ruled. On the same day, Plaintiff filed her Motion to Modify Scheduling Order (Doc. 12).

In her Motion, Plaintiff seeks leave of court to amend the current Scheduling Order (Doc. 7). In doing so, she seeks to amend all of the deadlines in the court's order and move the trial from the court's March 2, 2020 docket to its December 9, 2020 docket. Plaintiff contends that her request for leave to amend is not based on "oversight and a lack of due diligence" but, instead, is

**Memorandum Opinion and Order – Page 1**

due to her "change of course, an extended period of time in setting mediation, and requisite research of a massive amount of insurance billing and physicians' billing." *Id.* In support of her request, she provides the following timeline:

> On, or about, December 20, 201[8],[1] Defendant approached Plaintiff with a proposed framework to resolve the claims asserted in the lawsuit.
>
> During the next ninety days, the parties researched issues related [to] resolving the claims asserted in the lawsuit.
>
> On April 11, 2019, counsel for Defendant presented its original settlement offer.
>
> On May 1, 2019, counsel for Defendant proposed postponing the deadline for Rule 26 disclosures and to postpone the deadline for amending pleadings indefinitely and revise these deadlines on June 1, 2019 if the parties had not reached an agreement by that time.
>
> By May 31, 2019, counsel for both parties were still trying to resolve the amount of attorneys' fees Defendant was willing to pay.
>
> By July 1, 2019, counsel for both parties had still not reached a final agreement for resolving the case but were still diligently working toward a resolution of the case.
>
> By mid-July 2019, it became apparent that Plaintiff would not resolve her claims within the settlement framework upon which the parties had been pursuing.
>
> On July 18, 2019, counsel commenced trying to acquire a mediation date. No mediation date could be obtained from a mediator to which bother parties agreed before October 2019.
>
> On October 14, 2019, this matter was mediated by Mary Burdin which rendered no agreement between the parties.

Pl.'s Mot. 2. Based on this timeline, Plaintiff contends that "[b]y the time it became apparent the framework for a settlement agreement no longer existed, all pertinent deadlines had already

---

[1] In her Motion, Plaintiff used 2019; however, the court can reasonably infer, based on this timeline, that she intended to use 2018.

passed." *Id.* Plaintiff, therefore, seeks to amend all deadlines in the court's original Scheduling Order, including the trial setting.

In response, Defendant asserts that Plaintiff's Motion makes no showing of good cause, was untimely, and fails to satisfy the Local Rules, and, thus, the court should deny her Motion. Defendant highlights that by Plaintiff's own admission, settlement negotiations "broke down by the middle of July, 2019," and despite Plaintiff's assertion that "all pertinent deadlines had already passed," "mid-July 2019 was more than two months before the discovery deadline of October 4, 2019." Def.'s Resp. 2. (internal quotations omitted); *see also* Doc. 7, ¶ 7. Defendant contends that Plaintiff did not engage in discovery during that period or designate expert witnesses, which demonstrates her lack of diligence in meeting the court's deadlines.

Defendant also asserts that the parties were engaged in settlement discussions does not constitute good cause to amend a scheduling order, as this is well-settled in the law. Def.'s Resp. 3 (string cite of cases standing for this proposition omitted). It also notes that the court's Scheduling Order required that "[a] motion for an extension of any deadline set [t]herein must be made prior to its expiration." Doc. 7, ¶ 14. Plaintiff, however, filed her Motion, seeking to amend all expired deadlines, on October 18, 2019. At that time, the only remaining deadlines were for dispositive motions, which expired that day, and pretrial materials. Thus, according to Defendant, Plaintiff's request to amend all deadlines was "too little and too late."

Additionally, Defendant contends that Plaintiff's request to move trial was not only untimely but also failed to comply with the Local Rules. First, it highlights that the Scheduling Order requires that any request to modify the trial date "must be made . . . before the deadline for completion of discovery." Plaintiff's Motion was filed on October 18, 2019—two weeks after the completion of discovery deadline on October 4, 2019. Moreover, Defendant contends that Plaintiff's request to amend the trial setting is essentially a motion for continuance, and, per Local,

**Memorandum Opinion and Order – Page 3**

Rule 40.1, a motion for continuance must be signed by the moving party and the party's attorney. Defendant asserts that Plaintiff's Motion, though not styled as a motion for continuance, seeks a continuance and, therefore, must have complied with the Local Rule, which it did not. For these reasons, Defendant contends that Plaintiff's Motion should be denied.

## II. Legal Standard – Modification of Scheduling Order

Before the court can modify a scheduling order, the movant must first show "good cause" under Rule 16(b)(4) for the inability to meet the scheduling order deadline. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (internal quotation marks and citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's [inability] to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id*. at 536 (internal quotation marks, brackets, and citations omitted).

## III. Discussion

In considering the four factors outline above, the court determines that the factors weigh against modification of the Scheduling Order. First, Plaintiff failed to provide a sufficient explanation for her inability to meet the deadlines in the Scheduling Order. Her rationale for her failure to comply is based merely on failed settlement negotiations, delay in setting mediation, and "requisite research of a massive amount" of documents. The court views these issues as a natural part of the litigation process and does not excuse Plaintiff's failure to comply with the Scheduling Order.

Additionally, the court agrees with Defendant that engaging in settlement discussions does not constitute good cause for modification of a scheduling order because it does not excuse Plaintiff's responsibility to comply with the court-ordered deadlines. Even if the parties' settlement efforts warranted modification, Plaintiff fails to demonstrate why she did not (1) engage in any discovery; (2) designate expert witnesses, if any; (3) seek an extension of any deadline prior to October 18, 2019, and (4) seek a motion for continuance before discovery closed on October 4, 2019.

Plaintiff also did not seek an extension for any of the deadlines despite the court's explicit instructions in the Scheduling Order on how and by when any request for modification or extension should be made. She also provides no explanation as to why she did not request leave to extend deadlines or modify the Scheduling Order at an earlier date. As Defendant pointed out, Plaintiff asserts that it became apparent settlement was unlikely as early as mid-July 2019, but she did not request an extension of any deadline or seek modification of the Scheduling Order until October 18, 2019—three months later. The court determines that Plaintiff's failure to comply with any of the deadlines is based on her lack of diligence and disregard for the court's order, which defeats any showing of good cause. This is further supported by Plaintiff's request to not merely move a *few* deadlines but to rewrite the *entire* Scheduling Order.

Second, when considering whether modification is warranted, the court also considers the importance of the amendments requested. Plaintiff's request to modify the Scheduling Order is important because she seeks to amend *all* prior deadlines and continue the trial for nine months. She is essentially asking the court to rearrange its already busy docket to accommodate her lack of compliance with the court's order. Without any demonstration of good cause, the court cannot reasonably grant such a request. Moreover, Plaintiff's assertion that Defendant suggested revising the deadlines on June 1, 2019, if the parties had not reached an agreement, is quite beside the point.

**Memorandum Opinion and Order – Page 5**

Without making a proper request to the court, Plaintiff was still required to abide by the deadlines of the Scheduling Order.

The court also determines that substantial modification of the Scheduling Order, like the one requested by Plaintiff, will result in potential prejudice to Defendant, who, based on the information presented to the court, has complied with the current deadlines and is preparing for the March 3, 2020 trial. Plaintiff's explanation for its failure to comply with the scheduling order does not outweigh the potential prejudice to Defendant nor does it warrant a second bite at the apple.

Finally, while granting the continuance may alleviate the potential prejudice to Defendant, the court is not required to give litigants a second chance. Plaintiff had ample opportunity to comply with the court's scheduling order or make a timely request for an extension or modification. She chose not to do so; therefore, the court determines that the factors discussed herein weigh against Plaintiff's request for modification. Moreover, the court cannot reward Plaintiff for her failure to effectively litigate her case, and, accordingly, cannot grant her requested relief. *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion to Modify Scheduling Order (Doc. 12). Accordingly, this action will remain on the court's **March 2, 2020** docket, and all remaining deadlines in the court's Scheduling Order (Doc. 7) remain in effect.

**It is so ordered** this 8th day of January, 2020.

*[Signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge