IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KERI HOLDER, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-2704-L** |
| HEALTH CARE SERVICE | § | |
| CORPORATION D/B/A BLUE CROSS | § | |
| BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Texas's ("BCBS" or "Defendant") Motion for Summary Judgment (Doc. 10), filed October 18, 2019; and Defendant's Motion to Strike Summary Judgment Evidence (Doc. 16), filed November 22, 2019. Upon review of the Motions, response,[1] reply, record, evidence, and applicable law, the court **denies** Defendant's Motion for Summary Judgment (Doc. 10), and **denies as moot** Defendant's Motion to Strike (Doc. 16) for the reasons herein stated.

From a procedural standpoint, this action is a procedural morass, and both parties are at fault, as the filings made by them do not help the court reasonably ascertain what has taken place procedurally in this action, or understand the events leading up it. Candidly, there are more twists and turns in this action than a six-foot Texas rattler.

What the court can tell is that both parties have been disingenuous about the events and issues in dispute, especially as they relate to the discovery process. First, BCBS seeks summary judgment on the basis that Plaintiff Keri Holder ("Ms. Holder" or "Plaintiff") failed to timely

---

[1] Plaintiff Keri Holder did not file a response to Defendant's Motion to Strike (Doc. 16), and, thus, no reply was filed by Defendant.

**Memorandum Opinion and Order – Page 1**

submit answers to interrogatories by the parties' agreed extended deadline. The court has never had a party request summary judgment merely based on a failure to answer interrogatories. On the surface, it seems that BCBS is attempting to obtain a victory by ambush or default, which the Fifth Circuit frowns upon and this court finds unavailing.

BCBS contends that it did not file a motion to compel by the court-ordered deadline because, due to the agreed extension, it was not aware of Ms. Holder's noncompliance until one day after the deadline expired. This, however, does not tell the whole story, as BCBS did not diligently pursue discovery because it did not send out interrogatories or requests for production until August 27, 2019, which was only slightly more than one month before the discovery deadline. As BCBS acknowledges, the court's Scheduling Order explicitly instructs parties that it will not entertain disputes that arise as a result of the parties' agreements concerning discovery deadlines. Sch. Order ¶ 7. If BCBS had concerns about discovery answers, it should have sought intervention from the court and timely requested an extension for discovery prior to the court-ordered deadline. Once BCBS became aware of Ms. Holder's noncompliance, it should have immediately requested leave to file a motion to compel. Thus, the current state of affairs is a situation created by the parties.

The parties informed the court on multiple occasions that settlement was likely, and as settlement discussions were ongoing, the court, more likely than not, would have granted an extension, as it routinely does, upon a showing of good cause; however, neither BCBS nor Ms. Holder timely sought an extension, as previously discussed in the court's Memorandum Opinion and Order of January 8, 2020 (Doc. 19).

The purpose of a firm discovery deadline is to prevent issues such as this or any delay of trial. When it is not followed, it is easy to predict a train wreck, which is what has happened here.

While it is commendable that the parties tried to settle this action and resolve their discovery disputes without court intervention, the more efficient method was to file a timely request for an extension of the discovery deadline. Instead of acknowledging their missteps, both parties provide excuses and engage in finger-pointing to highlight the other party's failure to comply with discovery, and the court unnecessarily has expended scarce judicial resources. Thus, the court is unpersuaded by Defendant's assertion that failure to timely respond to interrogatories warrants summary judgment in its favor. Moreover, both parties have failed to comply with the Federal Rules of Civil Procedure and the Local Civil Rules, and, moreover, it is not incumbent upon the court to educate the parties on the proper procedures for litigating an action.

The court also determines that denial of Defendant's summary judgment is warranted because, as previously stated, it believes the parties have not been forthcoming with their actions and roles in this dispute, and, thus, the court does not have sufficient information upon which to base a ruling on the merits. The briefing by both parties is not a model of pellucid draftsmanship, as it is riddled with misleading, inaccurate, and often incomplete information. In this regard, the court notes the following:

- Neither party provides a copy of the insurance policy at the center of this dispute;

- Defendant provides no factual background or evidence outlining the events at issue in this case, or demonstrating factually that there is no genuine dispute of material fact;

- Defendant makes no mention of Plaintiff providing over 800 documents in response to its requests for production, leading the court to inaccurately infer that Plaintiff failed to effectively engage in discovery;

- Defendant does not explain its conduct or actions leading to the reversal of its decision to reject Plaintiff's claims and payment of claims in full, which is critical in deciding whether summary judgment is warranted;

- Plaintiff presents insufficient evidence supporting her claim and request for damages, despite reference to hundreds of potentially relevant documents; and

- Plaintiff provides inconsistent dates in her briefing and affidavit regarding her surgery and when Defendant's interrogatories were served.

Again, this is just a sampling, as there are other questions the court has that could preclude granting summary judgment. Accordingly, the court determines that the ends of justice will not be served by granting summary judgment when, based on its reasonable inferences, there appear to be underlying genuine disputes of material fact. As stated earlier, the court is displeased with the current posture of the case because, had the parties effectively briefed and supported their arguments with sufficient evidence, the court could make a summary judgment ruling on the merits. The court, however, does not have the time or resources to review and analyze filings that do not assist it in making a ruling; and it is not required to do so. The court, therefore, determines that proceeding to trial is the best use of judicial resources, unless this action settles, and this approach allows the parties an opportunity to effectively present their case to the jury. The court expects a much better presentation and marshaling of the evidence and the issues than currently set forth in the record.

*This action does not involve a significantly large sum of money, and, based on the information presented, the parties should strongly consider settlement. Each side has "negatives" regarding this action, and this is the type of case in which one party will not fare well. In any event, if the case does not settle, the court stands ready and able to submit it to a jury for determination. Trial will bring out what did or did not happen, and the jury will be intelligent enough to determine which party is telling the truth and acting aboveboard.*

For the reasons previously stated, the court **denies** Defendant's Motion for Summary Judgment (Doc. 10); and **denies as moot** Defendant's Motion to Strike Summary Judgment Evidence (Doc. 16). This action will proceed to trial as scheduled during the court's four-week

**March 3, 2020** docket.[2]  The parties shall also comply with all pretrial deadlines set forth in the court's Scheduling Order, including the pretrial conference scheduled on **February 27, 2020, at 2:30 p.m.**

**It is so ordered** on this 31st day of January, 2020.

                                             Sam A. Lindsay
                                             United States District Judge

---

[2] Pursuant to the Scheduling Order, the trial is scheduled for the March 3, 2020 docket.  The court received Plaintiff's Notice of Conflict (Doc. 18), filed January 7, 2020, stating Plaintiff's counsel is unavailable for trial  This notice, however, was untimely filed.  According to the court's Scheduling Order (Doc. 7), "[a]ny potential conflicts must [have been] called to the attention of the court in writing by January 7, 2019."  Plaintiff's Notice is a year late, and, based on the court's busy criminal docket and trial schedule for March, any adjustment, even by two days, creates scheduling problems.  The court will address any scheduling conflicts during the pretrial conference.